UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.        -Civ-        /Magistrate

CHARLES HOLLAND and          )
NATALIE RESTREPO,            )
                             )
    Plaintiffs,              )
                             )
v.                           )          **COMPLAINT**
                             )
AMANDA LINDROTH CORP.,       )
a Florida corporation,       )
                             )
    Defendant.               )
_____/

Plaintiffs Charles Holland and Natalie Restrepo, through counsel, file this Complaint against Defendant Amanda Lindroth Corp. ("Lindroth"), a Florida corporation, and state:

## INTRODUCTION

1. This is a proceeding for monetary damages to redress the deprivation of rights secured by the Plaintiffs by the overtime wage provisions of Section 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, ("FLSA").

## JURISDICTION/VENUE

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391 as all the activities giving rise to the claims took place in Palm Beach County, Florida.

## PARTIES

4. At all times material hereto, Plaintiffs were and continue to be residents of

---

ARTHUR T. SCHOFIELD, P.A. │Via Jardin │ 330 Clematis Street │Suite 207 │ West Palm Beach, FL 33401
(561) 655-4211 │ Facsimile (561) 655-5447
www.flalabor.com

Palm Beach County, Florida.

5. At all times material hereto, Plaintiff were "employees" of Lindroth within the meaning of the FLSA.

6. At all times material hereto, the work performed by the Plaintiffs was directly essential to the business performed by Lindroth.

7. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

8. At all times material hereto, Lindroth was and continues to be a corporation organized under the laws of the State of Florida, doing business in Palm Beach County, Florida.

9. At all times material hereto, Lindroth was the employer or former employer of the Plaintiffs.

10. At all times material hereto, Lindroth was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all times material hereto, by virtue of the work performed by Plaintiffs, Lindroth was engaged in commerce within the meaning of the FLSA.

12. At all times material hereto, Lindroth acts and/or omissions set forth herein occurred and/or were committed within Palm Beach County, Florida.

## FACTS

13. Plaintiff Holland was hired to work as a warehouse worker by Lindroth. As a warehouse worker he was required to pack and ship items from the warehouse, receive items delivered to the warehouse and maintain the warehouse.

14. Plaintiff Restrepo was hired to work as a warehouse worker by Lindroth. As a warehouse worker she was required to pack and ship items from the warehouse, receive items delivered to the warehouse and maintain the warehouse.

15. From virtually the first week of employment for each of the Plaintiffs with Lindroth, they worked in excess of 40 hours per week for which they were not compensated at the statutory rate of time and one-half as mandated by the FLSA.

16. From the first week of employment for each of the Plaintiffs, Lindroth paid Plaintiffs at their regular hourly rate – $20.00 per hour for Plaintiff Holland and $15.00 per hour for Plaintiff Restrepo – for hours that they worked in excess of 40 per week.

17. Plaintiffs were not exempt employees as defined by the FLSA, and therefore, they should have been compensated at the statutory rate of time and one-half for all hours that they worked in excess of the maximum allowed by the FLSA.

18. At no time during Plaintiffs' employment with Lindroth did Plaintiffs ever direct the work of two or more employees, ever have the authority to hire or fire other employees, or ever make decisions as to the advancement, promotion, or change of status of employees. Furthermore, Plaintiffs devoted more than twenty percent (20%) of their job duties to non-supervisory activities throughout their employment with Lindroth.

19. At all times material hereto, Plaintiffs did not perform work directly related to Lindroth management policies.

20. At all times material hereto, Plaintiffs duties did not require regular and customary "exercise of discretion and independent judgment" with respect to matters of consequence as those terms are defined within the Wage and Hour Regulations promulgated by the United States Department of Labor. Additionally, Plaintiffs did not have the authority or power to make independent choices free from immediate direction or supervision with respect to matters of some significance during their employment with Lindroth.

21. Lindroth violated Title 29 U.S.C. § 207, from the first week of each Plaintiffs' employment through to their last week of employment, in that:

a. Plaintiffs worked in excess of the maximum hours provided by the FLSA

throughout their employment with Lindroth;

b. No provisions were ever made by Lindroth to properly pay Plaintiffs at the statutory rate of time and one-half for hours that they worked in excess of the maximum hours provided by the FLSA; and

c. No payments were made to Plaintiffs by Lindroth at the statutory rate of time and one-half for hours in excess of the maximum hours provided by the FLSA.

22. Plaintiffs have retained the undersigned law firms to represent them in this litigation and has agreed to a reasonable fee for their services.

## COUNT I
### (Violation of 29 U.S.C. § 207, Overtime Compensation)

23. Plaintiffs reallege and incorporate ¶¶ 1-22 as if fully set forth herein.

24. From their first week of employment with Lindroth, and continuing through their last week of employment, Plaintiffs worked in excess of 40 hours per week for which they were not compensated at the statutory rate of time and one-half.

25. From the first week of employment with Lindroth, Lindroth compensated the Plaintiffs at their regular hourly rate for hours worked in excess of the maximum provided for in the FLSA.

26. Plaintiffs were entitled to be paid at the rate of time and one-half for all hours they worked in excess of the maximum hours provided for in the FLSA.

27. Records, if any, concerning the actual number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are in the possession, care, custody, and control of Lindroth. Plaintiffs are unable to state at this time the exact amount due them as a direct and proximate result of Lindroth's violation of the maximum hour provision of the FLSA. Plaintiffs intend to obtain such information by appropriate discovery proceedings to be taken promptly in this case and, if necessary, they will seek leave of court to amend this

Complaint to set for the precise amount due.

28. Lindroth knew of and/or showed reckless disregard for the provision of the FLSA as evidenced by its failure to compensate Plaintiffs at the statutory rate of time and one-half for all hours that they worked in excess of forty (40) hours per week when it knew or should have known such was due.

29. Furthermore, Lindroth failed to properly disclose or apprize Plaintiffs of their rights under the FLSA.

30. As a direct and proximate result of Lindroth's willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages.

31. Due to the intentional, willful, and unlawful acts of Lindroth, Plaintiffs have suffered lost wages and are entitled to an equal amount as liquidated damages.

32. Plaintiffs are entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Lindroth:

a. Declaring, pursuant to 28 U.S.C. § 2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provision of the FLSA;

b. Awarding Plaintiffs over time compensation;

c. Awarding Plaintiffs liquidated damages;

d. Awarding Plaintiffs reasonable attorneys' fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post judgment interest; and

f. Ordering any other further relief this Court deems to be just and proper.

## COUNT II

### (Overtime Compensation 29 U.S.C. §216(b) -- Statutory Class Action)

33. Plaintiffs reallege and incorporate ¶¶ 1-22 as if fully set forth herein.

34. Plaintiffs bring this action on behalf of themselves and other employees and former employees of Lindroth similarly situated to themselves for overtime compensation and other relief pursuant to the FLSA, as amended, 29 U.S.C. § 216(b).

35. The additional persons who may become Plaintiffs in this action are non-exempt employees of Lindroth who worked in excess of forty (40) hours during any work week, who did not directly supervise two or more full-time employees, and who were not paid time and one-half as mandated by 29 U.S.C. § 207.

36. Records, if any, concerning the actual number of hours worked by Lindroth employees and former employees and the actual compensation paid to Lindroth employees and former employees similarly situated to Plaintiffs are in the possession, care, custody, and control of Lindroth. These individuals are unable to state at this time the exact amount due and owing each similarly situated employee. Such information will be obtained by appropriate discovery proceedings to be taken promptly in this case and, if necessary, they will seek leave of court to amend this Complaint to set for the precise amount due each Plaintiff.

37. All similarly situated employees are owed their overtime rates for each overtime hour each employee worked and was not paid at the statutory rate of time and one-half.

38. Due to the intentional, willful, and unlawful acts of Lindroth, all similarly situated employees have suffered damages and will continue to suffer damages and incur attorneys' fees and costs.

39. As a direct and proximate result of Lindroth's willful disregard for the FLSA,

all similarly situated employees are entitled to liquidated damages in an amount equal to the amount by which each similarly situated employees or former employees have been damaged.

WHEREFORE, those similarly situated employees and former employees who have or will opt into this action demand that judgment be entered in their favor against Lindroth:

a. Declaring, pursuant to 28 U.S.C. § 2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provision of the FLSA;

b. Awarding Plaintiffs over time compensation;

c. Awarding Plaintiffs liquidated damages;

d. Awarding Plaintiffs reasonable attorneys' fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post judgment interest; and

f. Ordering any other further relief this Court deems to be just and proper.

## **JURY DEMAND**

Plaintiffs demand trial by jury on all issues so triable as of right by jury.

/s/Arthur Schofield, Esq.
ARTHUR T. SCHOFIELD, P.A.
Via Jardin Building
330 Clematis Street, Suite 207
West Palm Beach, Florida 33401
(561) 655-4211
Fax: (561) 655-5447
Fla. Bar No. 984434
aschofield@flalabor.com

ATTORNEY FOR PLAINTIFF