UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 9:20-cv-81601-WPD

CHARLES HOLLAND and NATALIE RESTREPO,

    Plaintiffs,

v.

AMANDA LINDROTH CORP., a Florida corporation,

    Defendant.

_____

**JOINT MOTION TO APPROVE SETTLEMENT
AND DISMISS WITH PREJUDICE**

    Plaintiffs, Charles Holland and Natalie Restrepo, and Opt-In Plaintiffs Harrison Ledan and Marlon Crooks (collectively "Plaintiffs"), and Defendant, Amanda Lindroth Corp., ("Defendant"), collectively referred to as the "Parties," hereby notify the Court that they have resolved all claims raised in this matter under the Fair Labor Standards Act and stipulate to the dismissal of all such claims in this action with prejudice. As such, the Parties file this Joint Motion to Approve Settlement and Dismiss with Prejudice and state as follows:

**FACTUAL BACKGROUND**

    1. Plaintiffs' Complaint was filed on September 10, 2020. (DE 1). In the Complaint, Plaintiffs alleged claims for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"). (DE 1).

    2. On September 16, 2020 the Court issued its Order Requiring Counsel to Meet, File Joint Scheduling Report and Joint Discovery Report. (DE 5).

    3. Counsel did meet and confer shortly thereafter which resulted in an early exchange of information and documents.

4. Soon after the settlement discussions commenced, two additional Plaintiffs opted-in to join the action. (ECF Nos. 14 and 15).

5. With the additional Plaintiffs there was further exchange of information and documents.

6. On October 1, 2020 Defendant filed an Unopposed Motion for Extension of Time to file Response/Reply/Answer. (DE 9) The Court issued an Order granting the Motion on October 2, 2020. (DE 10)

7. Documents exchanged and reviewed consisted of not only years of time records for each of the four Plaintiffs, but alleged agreements entered into during their employment and proposed agreements presented at the end of their employment.

8. As the review of these documents, and coordinating meetings with each of the Plaintiffs separately, was taking time, Defendant filed another Motion for Extension of Time to File Response/Reply/Answer. (DE 11). The Court issued an Order Granting the Motion on October 21, 2020.

9. When settlement appeared eminent, Defendant filed a Motion to Stay Proceedings. DE 13). The Court granted the Motion on November 9, 2020.

10. In order to reach a settlement, proposed agreements were presented to each of the Plaintiffs. Those agreements were first reviewed and modified by counsel and, second, presented to each of the Plaintiffs for review and consideration at which time discussions ensued as to the pros and cons of compromising certain claims to reach an early resolution.

11. Despite agreeing to resolve Plaintiffs' FLSA claims, Defendant continued to assert that the Plaintiffs were properly compensated for all hours worked, including overtime hours, during their employment. Notwithstanding the factual and legal defenses that Defendant believes are applicable in this matter, Defendant determined that it preferred to amicably conclude the instant litigation, while taking into account the cost and time associated with the ongoing defense of this case. Additionally, Defendant considered the uncertainty and risks inherent in any litigation.

12. Plaintiffs likewise determined that they preferred to amicably resolve their claims for the amount Defendant offered to them, which included liquidated damages, rather than proceed with this litigation.

13. The Parties jointly submit to the Court that there has been sufficient investigation and exchange of information to allow counsel for Plaintiffs and Defendant to evaluate the Parties' claims and defenses and make recommendations regarding the resolution of Plaintiffs' FLSA claims in this matter. Moreover, no portion of Plaintiffs' recovery was apportioned to attorney's fees and costs because the Parties separately negotiated those fees and costs.

14. The Parties have memorialized the settlement terms in a Settlement and Release Agreement, a copy of which is attached as Exhibit "A".

## MEMORANDUM OF LAW

In agreeing upon their settlement reached herein, the Parties advise the Court that they obtained sufficient information to allow them to make informed decisions after having had the opportunity to analyze their respective claims and defenses. The Parties also respectfully submit that the settlement reached among the Parties should be approved by this Court as fair and reasonable. *See* 29 U.S.C. §216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Pursuant to *Lynn's Food*, the Court's review of the Parties' Agreement is to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. Courts have routinely recognized a "strong presumption" in favor of finding a settlement fair. *See, e.g., Gruendner v. Douce France Bakery, Inc.*, 2012 WL 3140917, *1 (M.D. Fla. Jul. 6, 2012).

At all times material hereto, Plaintiffs and Defendant were represented by counsel experienced in litigating FLSA claims. Both the terms and conditions of the Parties' settlement agreement and the settlement amounts were the subject of arms-length negotiations between counsel. The settlement amounts were based on information learned through the exchange of a significant volume of documents.

The attorney's fees and costs were also negotiated and will be paid separately from Plaintiffs' allocated recovery. Counsel for Plaintiffs stipulates that the amount being paid for attorney's fees and costs is fair and reasonable, and that Plaintiffs accept this amount in full satisfaction of the attorney's fees and costs incurred on the Plaintiffs' behalf. Specifically, Plaintiffs' counsel spent 22.8 hours of attorney time as of the date settlement appeared eminent.

Plaintiff's counsel agreed to reduce those hours to 20 and not seek reimbursement for costs incurred or compensation for any work thereafter, including the work in preparing this Joint Motion. Plaintiffs' attorney has been practicing for 27 years and since his 25th year has charged an hourly rate of $400, an amount each of the Plaintiffs agreed to in their Retainer Agreements and which has been court-awarded as recently as October 14, 2020. *See, Groover v. School Board of Palm Beach County*, Case No. 50 2015CA12271XXXXMB AH, Judge Samantha Schosberg Feuer in the 15th Judicial Circuit Court ("Mr. Schofield spent 4.5 hours reviewing this case, preparing for the hearing and testifying in the hearing, at the reasonable rate of $400 per hour.")  The total amount of fees being paid to Plaintiffs' counsel in settlement, inclusive of the costs of filing and service of the summons, totals $8,000.00 and should be considered fair and reasonable.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process. The Parties further state that there was no undue influence, overreaching, collusion, or intimidation in reaching the settlement agreement. The Parties, therefore, respectfully submit that that the agreement they have entered into represents a reasonable compromise of Plaintiffs' claims consistent with the intent and purpose of the FLSA and the requirements of *Lynn's Food*. *See, e.g., Fernandez v. A-1 Duran Roofing, Inc.*, 2013 WL 684736, *2 (S.D. Fla. Feb. 25. 2013) (approving settlement where Parties were represented by counsel).

Based upon the foregoing, the Parties respectfully submit that the settlement reached herein was a reasonable compromise that was arrived at after due consideration. Pursuant to *Lynn's Food*, the Parties request that the Court approve the Parties' settlement as fair and reasonable and dismiss this case with prejudice.

Respectfully submitted this 12th day of November 2020.

| | |
|---|---|
| /s/ Daniel J. Butler, Esq. | /s/Arthur Schofield, Esq. |
| Daniel J. Butler, Esq. | Arthur Schofield, Esq. |
| Florida Bar No. 111398 | Florida Bar No. 984434 |
| Hunton Andrews Kurth LLP | Arthur T. Schofield, P.A. |
| 1111 Brickell Avenue, Suite 2500 | 330 Clematis Street, Suite 207 |
| Miami, Florida 33131 | West Palm Beach, FL 33401 |
| Tel.: (305) 810-2500 | Tel.: (561) 655-4211 |
| Fax: (305) 810-2460 | Fax: (561) 655-5447 |
| Email: dbutler@huntonak.com | Email: aschofield@flalabor.com |
| | |
| Counsel for Defendant | Counsel for Plaintiffs |