# EXHIBIT "A"

## FLSA SETTLEMENT AGREEMENT AND RELEASE

This FLSA Settlement Agreement and Release ("Agreement") is entered into by and between Defendant Amanda Lindroth Corporation ("Defendant"), on the one hand, and Plaintiffs Charles Holland, Natalie Restrepo, Marlon Montgomery, and Harrison Ledan (collectively "Plaintiffs"), on the other hand. Defendant and Plaintiffs are collectively referred to herein as the "Parties."

### I.

### RECITALS

WHEREAS, Plaintiff Charles Holland was employed by Defendant from October 2018 until September 2020, having last worked at its warehouse in Palm Beach, Florida;

WHEREAS, Plaintiff Natalie Restrepo was employed by Defendant from April 2019 until September 2020, having last worked at its warehouse in Palm Beach, Florida;

WHEREAS, Opt-In Plaintiff Marlon Montgomery was employed by Defendant from July 2019 until September 2020, having last worked at its warehouse in Palm Beach, Florida;

WHEREAS, Opt-In Plaintiff Harrison Ledan was employed by Defendant from November 2018 until September 2020, having last worked at its warehouse in Palm Beach, Florida;

WHEREAS, Plaintiffs assert claims under the Fair Labor Standards Act in a complaint entitled *Charles Holland and Natalie Restrepo v. Amanda Lindroth Corp.*, in the United States District Court for the Southern District of Florida, Case No. 20-81601-CV-DIMITROULEAS ("the Lawsuit");

WHEREAS, the Parties dispute the validity of the claims (both in substance and the amounts at issue) and seek to compromise and settle the Lawsuit between them, believing such settlement to be in their respective best interests in light of the expense and uncertainty of litigation, and without admission of any liability, fact, claim or defense, on the terms and conditions set forth herein.

### II.

### AGREEMENT

NOW, THEREFORE, in consideration of the mutual promises contained herein, and for good consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. <u>No Admission of Liability</u>. The Parties acknowledge and agree that this Agreement is a compromise and settlement of each party's disputed claims and/or defenses and that neither the execution nor the terms hereof may be construed as an admission of liability on the part of any party with respect to the disputed matters.

2. <u>Payment by Defendant</u>. By the later of either of the following: (A) thirty (30) calendar days from receipt by Defendant's counsel of all of the following: (1) the original executed Agreement by Plaintiffs, (2) an executed Joint Motion for Approval of Settlement and Dismissal of Claims with Prejudice and (3) fully executed IRS W-9 forms by all of Plaintiffs and Plaintiffs' counsel, or (B) fourteen (14) calendar days from issuance of an order by the District Court approving this settlement and the terms of this Agreement and dismissing the Lawsuit, Defendant shall make a gross payment to Plaintiffs and their counsel in the amount of Twenty-Two Thousand Three Hundred and Fifty-Nine Dollars and Sixty-Four Cents ($22,359.64) (the "Settlement Proceeds"). The Settlement Proceeds shall be delivered to counsel for Plaintiffs and payable as follows:

a. Defendant shall pay a total of $14,359.64 to Plaintiffs, representing disputed alleged wages lost and any liquidated damages, tin the following manner:

1. Defendant shall issue a check in the gross amount of $2,920.00, less applicable withholdings, made payable to "Charles Holland". This amount represents alleged wages due and will be subject to applicable federal and state payroll tax withholdings and will be reported on an IRS Form W-2;

2. Defendant shall issue a check in the amount of $2,920.00, representing alleged liquidated damages, made payable to "Charles Holland.". This amount will be reported on an IRS Form 1099;

3. Defendant shall issue a check in the gross amount of $1,207.50, less applicable withholdings, made payable to "Natalie Restrepo". This amount represents alleged wages due and will be subject to applicable federal and state payroll tax withholdings and will be reported on a IRS Form W-2;

4. Defendant shall issue a check in the amount of $1,207.50, representing alleged liquidated damages, made payable to "Natalie Restrepo". This amount will be reported on an IRS Form 1099;

5. Defendant shall issue a check in the gross amount of $1,100.00, less applicable withholdings, made payable to "Marlon Montgomery". This amount represents alleged wages due and will be subject to applicable federal and state payroll tax withholdings and will be reported on an IRS Form W-2;

6. Defendant shall issue a check in the amount of $1,100.00, representing alleged liquidated damages, made payable to "Marlon Montgomery." This amount will be reported on an IRS Form 1099;

7. Defendant shall issue a check in the gross amount of $1,942.32, less applicable withholdings, made payable to "Harrison Ledan". This amount represents alleged wages due and will be subject to applicable federal and state payroll tax withholdings and will be reported on an IRS Form W-2;

8. Defendant shall issue a check in the gross amount of $1,942.32, representing alleged liquidated damages, made payable to "Harrison Ledan". This amount

        will be reported on a IRS Form 1099.

b.     Defendant shall issue a check in the amount of $8,000.00 made payable to "Arthur T. Schofield, P.A." for Plaintiffs' alleged attorneys' fees and costs related to its representation of Plaintiffs. Defendant will issue IRS Forms 1099 for this payment to Plaintiffs and Plaintiffs' counsel. For each Plaintiff, $2,000.00 will be reported on his/her IRS Form 1099 for this payment.

c.     Plaintiffs acknowledge and agree that they are solely and entirely responsible for the payment and discharge of any additional federal, state, and local taxes, if any, that may, at any time, be found to be due upon or as a result of the Settlement Proceeds paid by Defendant hereunder. Plaintiffs agree to indemnify and hold Defendant harmless from any claim or liability for any such taxes and related penalties and/or interest, as a result of any failure by Plaintiffs to pay taxes owed by them as a result of the settlement and payment of the Settlement Proceeds.

d.     The Parties agree that if the Court does not approve the FLSA Settlement Agreement and dismiss the Lawsuit, this Agreement shall become null and void and the Parties shall return to their respective statuses as of the date and time an agreement to settle this matter was reached and the Parties shall proceed in all respects as if this Agreement had not been entered into. Neither this Agreement, its terms nor the fact that the Parties had reached a settlement shall be referenced or used against any party in this or any future litigation.

3.     <u>Fair And Reasonable Settlement</u>. The parties agree that this settlement was reached as a result of arms-length negotiation. Plaintiffs contend that Defendant failed to pay overtime to which they were entitled in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Defendant denies these allegations and contends that Plaintiffs were properly paid for all time worked. The Parties also dispute, among other issues, the number of hours Plaintiffs worked in the weeks covered by their FLSA claims and Opt-In Plaintiff Ledan's exemption status under the FLSA. In light of these disputed positions, the Parties acknowledge and agree that this settlement and the terms of this agreement are fair and reasonable taking into account the risks and uncertainties of litigation.

4.     <u>Dismissal of the Lawsuit</u>. Plaintiffs agree to authorize and cause their attorney to execute for filing the Joint Motion for Approval of Settlement and Dismissal of Claims with Prejudice. Plaintiffs agree to dismiss the Lawsuit against Defendant with prejudice and to deliver to counsel for Defendant any documents necessary to effectuate such dismissal. Plaintiffs affirm that they have authorized their attorney to execute and cause to be file a Joint Motion for Approval of Settlement and Dismissal of Claims with Prejudice and any other documents necessary to effectuate the dismissal of this Lawsuit with prejudice.

5.     <u>Fees and Costs</u>. Except as provided herein, the Parties shall bear their own fees and costs (including but not limited to attorneys' fees) incurred in connection with the Lawsuit.

6.     <u>General Release and Waiver of FLSA Claims</u>. In exchange for the consideration provided in this Agreement, Plaintiffs agree to settle, release, and waive any and all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever,

whether known or unknown, that they have or may have against Defendant and its affiliates, and each of its past, present, and future owners, officers, managers, employees, attorneys, agents, assigns, insurers, representatives, counsel, benefit plan administrators, other administrators, successors, parent companies, subsidiaries, shareholders, and/or directors, including but not limited to Amanda Lindroth and Jennifer Luong (collectively, the "Released Parties"), whether in tort, contract, statute, rule, ordinance, order, regulation, or otherwise, that has occurred up to the date of execution of this Agreement which could constitute a violation of state or federal wage and hour laws (including prohibitions against retaliation), including but not limited to those arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, including claims based upon the conduct complained of in the Lawsuit. Plaintiffs also specifically release, settle and waive any and all claims asserted in the Lawsuit or that could have been asserted against the Released Parties.

7. <u>Pursuit of Released Claims</u>. Plaintiffs agree and represent that they will not be class action representatives or in the future file any claim, lawsuit, or complaint against any Released Party based on the claims released in this Agreement. Plaintiffs also agree that the Released Parties will not be required to pay any amount they might otherwise be obligated to pay, if someone were to bring a lawsuit in which he/she represents Plaintiffs in a representative or class action based on the claims released in this Agreement. Plaintiffs promise never to seek any damages, remedies, or other relief for themselves personally (any right to which they hereby waive) by filing or prosecuting a charge with any administrative agency with respect to any claim purportedly released by this Agreement. Nothing herein precludes any Party from pursuing a claim for breach of this Agreement.

8. <u>No Other Action</u>. Plaintiffs represent that, other than the Lawsuit, they have not filed nor authorized the filing of any complaints, charges, or lawsuits against Amanda Lindroth Corporation or any other Release Parties with any federal, state, or local court, governmental agency, or administrative agency, and that if, unbeknownst to Plaintiffs, such a complaint, charge, or lawsuit has been filed on his behalf, they will use their best efforts to cause it immediately to be withdrawn and dismissed with prejudice.

9. <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of Florida.

10. <u>Agreement to be Construed Fairly</u>. This Agreement is to be construed fairly and not in favor of or against any party, regardless of who drafted or participated in the drafting of its terms. Any rule of construction that a document is to be construed against the drafting party shall not be applicable to this Agreement.

11. <u>No Assignment</u>. Plaintiffs represent and warrant that (a) there has been no assignment or other transfer of any interest in the claims which they have or may have that are being released herein, and they shall indemnify, hold harmless, and defend Amanda Lindroth Corporation from any liability, claims, demands, damages, costs, expenses, and reasonable outside attorneys' fees incurred as a result of any such assignment or transfer contrary to the foregoing representation; and (b) Plaintiffs own all claims, demands, and causes of action which they release by this Agreement, which release is free and clear from all liens, claims, and encumbrances.

12. <u>Authority to Enter into Agreement</u>. Each of the Parties represents and warrants that any person executing this Agreement on his, her, or its behalf has the full right and authority to enter into this Agreement on behalf of said party, and has the full right and authority to execute this Agreement and to fully bind that party to the terms and obligations as set forth in this Agreement.

13. <u>Consultation with Counsel</u>. Each of the Parties to the Agreement represents and warrants that this Agreement has been voluntarily and knowingly executed by the Parties after having had the opportunity to consult with legal counsel experienced in wage and hour law. The Parties declare that they know and understand the contents of this Agreement, and that they have executed it voluntarily.

14. <u>Acknowledgements</u>. Plaintiffs acknowledge that they have read this Agreement and understand its terms. Plaintiffs further acknowledge and agree that Defendant is not undertaking to advise Plaintiffs with respect to any tax consequences of this Agreement and that Plaintiffs are solely responsible for determining those consequences. Plaintiffs further agree that the representations and understandings set forth in this paragraph have been relied upon by Defendant and constitute consideration for Defendant's execution of this Agreement.

15. <u>Successors and Assigns</u>. The terms of this Agreement shall be binding upon the Parties and their agents, employees, successors, assigns, and insurers.

16. <u>Severability</u>. If any word, clause, phrase, sentence, or paragraph of this Agreement is declared void or unenforceable, such portion shall be considered independent of, and severable from, the remainder, the validity of which shall remain unaffected.

17. <u>Counterparts</u>. This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which shall constitute together one in the same instrument, and will be effective upon execution by all Parties. Facsimile signatures shall be deemed original signatures for all purposes.

18. <u>Third-Party Beneficiaries</u>. The Parties acknowledge and agree that the terms of this Agreement, including but not limited to, the release of claims by Plaintiffs, will inure to the benefit of Defendant and the other Released Parties.

19. <u>Voluntary Agreement</u>. This Agreement is executed voluntarily and without any duress or undue influence on the part of or on behalf of the Parties to this Agreement, with the full intent of releasing all claims as described herein. Each party acknowledges that she/he/it: (i) has read this Agreement; (ii) has been represented in the preparation and negotiation of this Agreement by legal counsel of his/its own choice; (iii) has received legal advice by such legal counsel prior to execution of this Agreement, if desired; (iv) understands the terms and consequences of this Agreement and of the releases it contains; and (v) is fully aware of the legal and binding effect of this Agreement.

20. <u>Execution Date</u>. The terms of this Agreement as between the Parties are binding upon their execution of this Agreement. The Parties have executed this Agreement as of the last date set forth below.

**Plaintiffs**

Dated: 11/6/2020

Charles E. Holland
Name [Print]

_____
Signature

Dated: 11/06/20

Natalie Restrepo
Name [Print]

_____
Signature

Dated: 11.06.20

Marlon Crooks
Name [Print]

_____
Signature

Dated: 11/6/20

Harrison Ledan
Name [Print]

_____
Signature

**Defendant Amanda Lindroth Corporation**

Dated: 11.11.20

Amanda Lindroth Corporation

By: _____ Jennifer Luong (Authorized Agent)